## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KAYLA SNYDER, Individually and
as the Administratrix of the Estate
of STEVEN SNYDER, Deceased,

      Plaintiff,

      v.

COMMONWEALTH OF
PENNSYLVANIA DEPARTMENT
OF CORRECTIONS d/b/a STATE
CORRECTIONAL INSTITUTION
AT WAYMART a/k/a SCI
WAYMART, et al.,

      Defendants.

CIVIL ACTION NO. 3:20-cv-00280

(SAPORITO, M.J.)

## <u>MEMORANDUM</u>

This federal civil rights action was originally commenced in state court by a praecipe for a writ of summons, filed on April 23, 2019. *See generally* Pa. R. Civ. P. 1007. The plaintiff filed her original complaint there on February 4, 2020. The action was removed to this court by the Medical Defendants[1] on February 14, 2020. (Doc. 1 (sealed version); Doc.

---

[1] The Medical Defendants include Correct Care Solutions, a for-profit corporation contracted to provide medical care to inmates at SCI Waymart, a state prison located in Wayne County, Pennsylvania, and six medical professionals employed there by Correct Care Solutions:
*(continued on next page)*

22 (redacted public version).)

On April 24, 2020, the plaintiff filed her first amended complaint. (Doc. 15.) On behalf of the decedent's estate, the first amended complaint has asserted federal civil rights claims against each of the Medical Defendants for deliberate indifference to the decedent's serious medical needs, plus state-law medical negligence claims against each of the individual Medical Defendants, and state-law *respondeat superior* and corporate negligence claims against Correct Care Solutions. On behalf of the plaintiff individually, the first amended complaint has asserted a state-law wrongful death claim against all defendants.

In addition to the Medical Defendants, the first amended complaint also named as a defendant the Commonwealth of Pennsylvania Department of Corrections d/b/a State Correctional Institution at Waymart a/k/a SCI Waymart (the "DOC").[2] On behalf of the decedent's

---

(a) Jessica Ashby, a physician assistant; (b) Debrah Barndt, a physician assistant; (c) Barry Eisenberg, a physician; (d) M.J. Monsalud, a physician; (e) David Tomazic, a physician; and (f) Jennifer Villano, a physician assistant.

[2] In addition to the DOC, the original state court complaint also named three non-medical prison officials employed by the DOC at SCI Waymart. Prior to the filing of the first amended complaint, these three defendants were dismissed without prejudice by stipulation of the parties. (Doc. 14.)

estate, the first amended complaint has asserted a state-law *respondeat superior* negligence claim against the DOC. On behalf of the plaintiff individually, the first amended complaint also appears to have asserted a state-law wrongful death claim against the DOC.[3]

The DOC now moves for dismissal from this action on the ground that it is immune from suit under the Eleventh Amendment to the United States Constitution.[4] For the reasons stated herein, the motion will be

---

[3] We note that the DOC's motion papers acknowledge the *respondeat superior* negligence claim only, perhaps because this is the only count of the first amended complaint that has expressly named the DOC as a defendant, and while the wrongful death count is directed at "all defendants," there is little doubt that the DOC is shielded from liability on this claim by state sovereign immunity. *See Dep't of Public Welfare v. Schultz*, 855 A.2d 753, 755–56 (Pa. 2004) (holding that the Sovereign Immunity Act bars a parent or child of a decedent from recovering damages for non-pecuniary losses in a wrongful death action); *Ewing v. Potkul*, 171 A.3d 10, 20 (Pa. Commw. Ct. 2017) (holding that the Sovereign Immunity Act bars a parent or child of a decedent from recovering damages for pecuniary losses in a wrongful death action). Meanwhile, the plaintiff and the DOC vigorously dispute whether state sovereign immunity bars recovery of damages for medical negligence against the DOC on a *respondeat superior* theory. We, of course, do not reach that particular issue, finding instead that the DOC's Eleventh Amendment immunity from suit is dispositive.

[4] We note that the DOC has characterized their motion as one for dismissal for failure to state a claim upon which relief can be granted, brought pursuant to Rule 12(b)(6). But the proper mechanism for raising this issue—whether Eleventh Amendment immunity bars the exercise of federal jurisdiction—is a motion to dismiss for lack of subject matter

*(continued on next page)*

granted in part and denied in part.

As the Third Circuit has recognized, there are "two distinct types of state sovereign immunity: immunity from suit in federal court and immunity from liability." *Lombardo v. Pennsylvania, Dep't of Public Welfare*, 540 F.3d 190, 194 (3d Cir. 2008). The first type, immunity from suit in federal court, is commonly known as Eleventh Amendment immunity. *See id.* at 194–95.

> A State's immunity from suit is not absolute. Congress may abrogate a State's sovereign immunity "in the exercise of its power to enforce the Fourteenth Amendment," and a State may consent to suit by making a clear declaration that it intends to submit itself to federal court jurisdiction. Furthermore, a State may waive its immunity from suit by invoking federal court jurisdiction voluntarily.

*Id.* at 195–96 (citations and footnotes omitted).

Here, the plaintiff argues that the DOC waived its immunity from suit by voluntarily removing this action from state to federal court. (Doc. 34, at 5.) But the DOC *did not* remove this action from state to federal court. The Medical Defendants did. In doing so, the Medical Defendants

---

jurisdiction, brought pursuant to Rule 12(b)(1). *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)).

noted that the DOC had not yet entered its appearance in the state court case but the state attorney general "routinely consents" to removal of such cases to federal court. (Doc. 1 ¶ 15 (sealed version); Doc. 22 ¶ 15 (redacted public version).)

As a procedural matter, the removal statute requires that all defendants who have been properly served[5] must join in or otherwise consent to removal within thirty days. *See* 28 U.S.C. § 1446(b); *Ogletree v. Barnes*, 851 F. Supp. 184, 186 (E.D. Pa. 1994). The Medical Defendants removed this case to federal court on February 14, 2020. The DOC did not file a written joinder or consent to removal of this action within the following thirty-day period, nor did it file any such joinder or consent thereafter.

The DOC first entered its appearance in this action more than thirty days after removal on March 23, 2020, when it filed an unopposed motion for an extension of time to respond to the original complaint. (Doc. 8.) On April 2, 2020, the DOC moved to dismiss the complaint for failure

---

[5] There is no suggestion by any of the parties that the DOC was not properly served prior to removal. A state court docket report attached to the notice of removal suggests that, although it did not enter its appearance in the state court case, the DOC had been served with process prior to removal.

to state a claim upon which relief can be granted, for reasons to be articulated in a brief to be filed later. (Doc. 11.) On April 16, 2020, the DOC moved for an extension of time to file its brief in support of the motion to dismiss. (Doc. 12.) On April 23, 2020, counsel for the DOC signed the stipulation of dismissal described in the margin above. (Doc. 14.) On April 24, 2020, the plaintiff filed her first amended complaint, and on May 7, 2020, the DOC filed the instant motion to dismiss, followed on May 21, 2020, by its brief in support, and on July 1, 2020, by its reply brief. (Doc. 23; Doc. 24; Doc. 37.) In none of these papers did the DOC indicate that it joined in or consented to removal.

Based on the removal statute's unanimity requirement alone, the plaintiff argues that the DOC's failure to expressly object to removal should be construed as consent to removal, and this purported voluntary invocation of federal court jurisdiction in turn effectively waived the DOC's immunity from suit in federal court. But while the removal of this action without the DOC's express consent may have been a procedural defect—which might have formed the basis for a motion to remand the entire case, if timely raised by the plaintiff, *see* 28 U.S.C. § 1447(c)—in the absence of any clear and unambiguous consent to removal, we decline

to infer it from the DOC's silence. *See Ogletree*, 851 F. Supp. at 189–90. Moreover, we decline to infer a waiver of Eleventh Amendment immunity from suit from the DOC's failure to expressly object to removal, particularly where the DOC took no action whatsoever to suggest that it actively or voluntarily sought to litigate this case in federal court. *See Iowa Valley Cmty. Coll. Dist. v. Plastech Exterior Sys., Inc.*, 256 F. Supp. 2d 959, 965 n.3 (S.D. Iowa 2003).

Finally, we note that, as the Supreme Court of the United States has recognized,

> A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims in the case before [it]. A federal court can proceed to hear those other claims . . . .

*Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392–93 (1998). Thus, rather than dismissing the plaintiff's claims against the DOC, we will sever and remand them for further proceedings in state court. *See* 28 U.S.C. §§ 1441(c), 1447(c);[6] *Schacht*, 524 U.S. at 391–92; *Am. Capital*

---

[6] Based on the plain language of these statutes, we lack the discretion to dismiss rather than remand these claims over which we lack subject matter jurisdiction. *See* 28 U.S.C. §§ 1441(c), 1447(c); *see also Fed. Nat'l Mortg. Ass'n v. Moris*, 118 F. Supp. 3d 1288, 1293 (N.D. Ala. 2015).

*Acquisitions Partners LLC v. Fortigent LLC*, 595 Fed. App'x 113, 116–17 (3d Cir. 2014).

Accordingly, the DOC's motion will be granted in part and denied in part. We find that litigation of the plaintiff's claims against the DOC in federal court are barred by Eleventh Amendment immunity from suit, and thus we lack subject matter jurisdiction with respect to those claims. Rather than the requested dismissal, however, these claims will be severed and remanded to state court. Meanwhile, the plaintiff's claims against the Medical Defendants will proceed here.

An appropriate order follows.

Dated: March 11, 2021            ***s/Joseph F. Saporito, Jr.***
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge